**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| NATALIE BAKER AND DEMETRIA STALLWORTH, individually and on behalf of other similarly situated individuals, )<br><br>Plaintiffs, )<br>v. )<br><br>CLEAR WIRELESS LLC, )<br><br>Defendant. ) | Civil Action No. _____<br><br><br>**COLLECTIVE ACTION COMPLAINT (JURY TRIAL DEMANDED)** |

Natalie Baker and Demetria Stallworth ("Plaintiffs") individually and on behalf of other similarly situated individuals, for their Complaint against Clear Wireless LLC ("Defendant"), state as follows:

## JURISDICTION & VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2. Venue is proper in the Northern District of Florida, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Defendant Clear Wireless LLC is, upon information and belief, a foreign corporation, maintaining its principal place of business in Kirkland, Washington. It is the primary operating subsidiary of Clearwire Communications, both of which are subsidiaries of

Clearwire Corporation.  Defendant is engaged in the business of providing wireless broadband services throughout the country, including among other things, cable and internet services.  It maintains a call center in Milton, Florida.

4.      Defendant is an employer as defined by 29 U.S.C. § 203(d).

5.      Plaintiff Natalie Baker ("Plaintiff Baker") is a former employee of Defendant. Defendant employed Plaintiff Baker as a customer service representative at its Milton, Florida call center from approximately August 2009 to August 2011.  Plaintiff Baker is a resident of the city of Pensacola, county of Escambia, state of Florida.

6.      Plaintiff Demetria Stallworth ("Plaintiff Stallworth") is a former employee of Defendant.  Defendant employed Plaintiff Stallworth as a customer service representative at its Milton, Florida call center from approximately August 2009 to August 2011.  Plaintiff Stallworth is a resident of the city of Century, county of Escambia, State of Florida

7.      Plaintiffs are employees as defined by 29 U.S.C. § 203(e).

8.      Plaintiffs' consent forms to join this action are attached as Exhibit A.  As this case proceeds, it is likely that other individuals will sign consent forms and join this action as opt-in plaintiffs.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

9.      Plaintiffs bring this action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiffs and those similarly situated are individuals who were, or are, employed by Defendant in customer service, technical support, and similar positions in its Florida call center, and were not paid for the time spent performing some or all of their daily work activities within three years prior to filing this Complaint.

10.     Plaintiffs and the similarly situated individuals are similar because their duties consisted primarily of providing customer service and support by telephone while working in Defendant's Florida call center.  They are also similar because Defendant did not pay them for some or all of their time worked that occurred before and/or after the scheduled shift.

11.     Defendant knowingly required Plaintiffs and the similarly situated individuals to perform unpaid work before and/or after their shifts.  This work included, but was not limited to time spent booting-up computers, initializing software programs, reviewing work-related emails and intranet messages, and closing down computer systems.

12.     Defendant did not have any process or procedure in place whereby Plaintiffs or those similarly situated could recover this time spent working prior to or after their scheduled shifts.

13.     Defendant's actions were knowing and willful and Defendant was  aware Plaintiffs were working time for which they were not being paid.  Defendant instructed Plaintiffs that the time Plaintiffs recorded as time worked had to match the time they were logged into the phone system, which was not reflective of all their time worked.  For example, Defendant instructed Plaintiffs to arrive before their scheduled shifts in order to perform additional responsibilities and be ready to take calls when their scheduled shift started.  Defendant told them if they were not ready to take a phone call at the start of their scheduled shift, their performance scores could be adversely affected.  As such, pursuant to Defendant's directive, Plaintiffs worked time prior to the start of their scheduled shift and prior to logging into the phone system to take calls, and only recorded the time they were actually logged into the phone system as hours worked.   In addition, Plaintiffs and those similarly situated were not compensated for all of their time worked after their scheduled shift.  For example, on occasion,

Plaintiffs were required to document/notate customer information, among other various tasks, after their shift because Defendant's strict "adherence" performance-based guidelines did not provide adequate time during their shift to do so.

14.     Defendant was further aware that Plaintiffs and the similarly situated individuals were not compensated for all of their time worked because Plaintiffs and the similarly situated individuals complained to management about it.

15.     Furthermore, Defendant was aware that Plaintiffs and those similarly situated arrived prior to the start of their shifts to perform work-related activities because they were required to swipe a security badge when they entered the call center.  Even so, upon information and belief, Defendant did not accurately compensate its employees for this additional time worked.

16.     Finally, Defendant should have known that its policy of requiring employees to perform unpaid work activities was unlawful because many similar lawsuits have been filed in courts throughout the country against employers in the call center industry.

17.     On information and belief, the amount of uncompensated time Plaintiffs and the similarly situated individuals spend or have spent on these required and unpaid work activities amounts to an approximate average of between ten and twenty minutes per day per person.  This time regularly resulted in overtime hours being worked by Plaintiffs and the similarly situated individuals, overtime that was not reflected in their payroll or time records, or paid by Defendant.

<u>COUNT I</u>

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

18.     Plaintiffs incorporate the forgoing paragraphs by reference.

4

19.     During the statutory period, Plaintiffs and the similarly situated individuals were employed full time by Defendant as customer service, technical support, collections, retention representatives, and similar positions (all of which were referred to collectively by Defendant as "customer service representatives") at its call center in Milton, Florida.

20.     The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

21.     Defendant's actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiffs and the similarly situated individuals for time spent on work activities as described in this Complaint.

22.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with this claim.

23.     Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

1.     Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2.     An equal amount to the unpaid back wages as liquidated damages;

3.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

4.      Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5.      Declaratory relief pursuant to 28 U.S.C. § 2201;

6.      Leave to amend to add claims under applicable state law;

7.      Costs and attorneys' fees to the extent allowed by law; and

8.      Such further relief as the Court deems just and equitable.


DATE:   August 29, 2011                    **NICHOLS KASTER, PLLP**


                                           s/Tim C. Selander
                                           Tim C. Selander, FL Bar No. 36468
                                           Michele R. Fisher, MN Bar No. 303069*
                                           Anna P. Prakash, MN Bar No. 0351362*
                                           4600 IDS Center
                                           80 South Eighth Street
                                           Minneapolis, MN 55402
                                           Telephone: (612) 256-3200
                                           Fax: (612) 215-6870
                                           selander@nka.com
                                           fisher@nka.com
                                           aprakash@nka.com

                                           *admission forthcoming

                                           ATTORNEYS FOR PLAINTIFFS

6